

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-5-2008

# Bruli v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5302

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Bruli v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1643.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1643

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-5302

———————

VALMIRA BRULI

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

———————

On Petition for Review of an Order
of the Board of Immigration Appeals
(No. A98 419 104)

Immigration Judge: Eugene Pugliese

———————

Submitted Under Third Circuit LAR 34.1(a)
November 29, 2007

———————

Before: BARRY, FUENTES, <u>Circuit Judges</u>, and DIAMOND,[*] <u>District Judge</u>

(Opinion Filed: February 5, 2008)

———————

OPINION

———————

———————

[*] The Honorable Paul S. Diamond, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

FUENTES, <u>Circuit Judge</u>

The Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA") to petitioner Valmira Bruli on September 10, 2004, which ordered Bruli to attend a removal hearing on November 18, 2004. Bruli failed to attend the hearing, and the IJ conducted the hearing <u>in</u> <u>absentia</u>. The IJ concluded that Bruli was removable and had abandoned her asylum application, and ordered her removal. Four months later, on March 30, 2005, Bruli filed a motion to reopen with the IJ, claiming that she had never received the NTA. The IJ denied the motion to reopen, and the Board of Immigration Appeals ("BIA") affirmed. Bruli filed a timely petition for review.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we will grant the petition for the reasons that follow.

**I.**

As we write primarily for the parties, we recount only those facts that are helpful in our discussion of the case.

Bruli is a native and citizen of Albania who entered the United States in March of 2004 and subsequently filed an asylum application with DHS. As Bruli was present in the United States without being admitted or paroled, the DHS instituted removal proceedings against Bruli by serving her with a Notice to Appear ("NTA"). The NTA required that she appear before an IJ in Newark, New Jersey on November 18, 2004, and warned that if she failed to attend the hearing, the IJ might order her removal <u>in</u> <u>absentia</u>. The NTA was sent via regular mail to the address listed on Bruli's asylum application.

2

Bruli failed to appear at the removal hearing on November 18, 2004. The IJ conducted her hearing in absentia, finding that she had been provided written notification of the time, date and location of her hearing, as well as the consequences of her failure to appear; he also found no exceptional circumstances that would excuse that failure. The IJ concluded that Bruli was removable and had abandoned her asylum application, and ordered her removal. The removal order was served via regular mail on November 18, 2004, to the same address that had been used to serve the NTA.

On March 30, 2005, Bruli filed a motion to reopen with the IJ. Bruli and her attorney submitted affidavits claiming that although Bruli had received an acknowledgment of receipt from the DHS of her asylum petition in June 2004, as well as the removal order itself, she had never received the NTA. Bruli also confirmed her current address was the same one as on file with the DHS, and which had been used for all three pieces of communication.[1] The IJ denied the motion to reopen, finding that the NTA was mailed to Bruli at her current address, and that Bruli's mere statement that she did not receive the NTA was insufficient to rebut the presumption that the mailed item was delivered. For proof that Bruli had received the NTA, the IJ relied upon the documentary evidence submitted by the DHS, which consisted of a copy of the NTA with a signed certification of service indicating that the NTA had been sent via regular mail on

_____

[1] On May 21, 2005, following the IJ's ruling on the motion to reopen, Bruli filed a change-of-address form informing the DHS of a new address at which she could be contacted in the future.

September 30, 2004.

Bruli appealed the IJ's decision on June 21, 2005. The BIA affirmed and adopted the IJ's decision on November 7, 2005. This appeal followed in a timely manner.

**II.**

Where the BIA expressly adopts and affirms an IJ's decision, as is the case here, this Court reviews the decision of the IJ directly. See Abdulai v. Ashcroft, 239 F.3d 542, 549 n.2 (3d Cir. 2001). We review an IJ's decision to grant or deny a motion to reopen for abuse of discretion, giving "broad deference" to the original decision and reversing only if the decision is "arbitrary, irrational, or contrary to law." Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001) (internal quotation marks omitted); Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002).

In order to institute a removal proceeding against an alien, the DHS is required to provide the alien with written notice in person, "or, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record, if any." 8 U.S.C. § 1229(a)(1). If such written notice has been properly provided and the alien fails to attend his or her removal proceeding, the IJ may proceed in absentia and order removal if the government has met its burden of proof. Id. § 1229a(b)(5)(A). An in absentia order of removal may be rescinded if the alien demonstrates that he or she did not receive written notice of the hearing. Id. § 1229a(b)(5)(C)(ii).

We recently held that, "[a]s the word 'receive' indicates, the key question in

4

reopening a removal proceeding for lack of notice is not whether the Immigration Court properly mailed the notice to the alien, but whether the alien actually received the notice." Santana Gonzalez v. Atty. Gen., 506 F.3d 274, 277 (3d Cir. 2007). We recognized that the government may establish a presumption of receipt for a written notice sent by regular mail by providing proof that it was properly mailed – for example, by producing a copy of the written notice with the petitioner's correct address.[2] Id. at 278-79. However, we determined that an alien may rebut such presumption of receipt, and potentially establish non-receipt, by producing certain contrary evidence. Id. at 279-81. Such evidence may include a sworn affidavit by the alien (or other person residing at the same address) that he or she never received the written notice, or proof of affirmative communications with the DHS (which would tend to negate the notion that the alien was attempting to evade the asylum process). Id.

Here, both Bruli and her counsel produced sworn affidavits that Bruli never received the NTA. There is also circumstantial evidence in the record to buttress these affidavits: namely, that Bruli took "affirmative action" to ensure that her case was heard, including initiating the asylum process by filing a petition, and submitting to the DHS a change in address form evidencing the new address at which she could be contacted in the

---

[2] We also held that this presumption is far stronger when written notice is sent to an alien by certified mail, rather than via regular mail. Santana Gonzalez, 506 F.3d at 279 This is because "a letter . . . sent by certified mail . . . [has] a paper trail in Postal Service records showing both mailing and receipt (or non-receipt)" but "there is no Postal Service paper trail for regular mail." Id.

5

future. Id. at 281. In denying the motion to reopen, the IJ did not indicate that he gave adequate consideration – or, indeed, any consideration at all – to this evidence of non-receipt. Instead, the order denying the motion states only that Bruli did "not refute[] the presumption that an item mailed will be delivered" and that it is "insufficient to say, as [Bruli] [did], that she simply never received the NTA." (J.A. Vol. II at 28).

For the foregoing reasons, we hereby grant Bruli's petition, vacate the BIA's order of November 7, 2005, and remand so that the IJ may "apply the less stringent presumption" regarding notices sent via regular mail, as recently articulated in Santana Gonzalez, to the evidence that Bruli has produced. 506 F.3d at 281.